**JACOBSEN MANUFACTURING COM-PANY, Appellant,**

**v.**

**GARFIELD WILLIAMSON, INC., Appellee.**

**Patent Appeal No. 8344.**

United States Court of Customs and Patent Appeals.

Nov. 12, 1970.

Arthur J. Hansmann, Racine, Wis., attorney of record, for appellant.

S. Stephen Baker, New York City, for appellee.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and McMANUS, Judge, Northern District of Iowa, sitting by designation.

McMANUS, Judge.

Jacobsen seeks registration of "Jacobsen Turf King" [1] for mowing machines for industrial use only, alleging use since 1960. Williamson opposes on prior use and registration of "Turf-King" [2] for use on lawn fertilizers and grass seed, alleging that applicant's mark so resembles opposer's marks as to be likely, when applied to the involved goods, to cause confusion or mistake or to deceive as to source.

Neither party took testimony. Both submit on briefs here without oral argument.

Applicant argued below that "Turf-King" is a "weak" mark as evidenced by certain third-party registrations, and that when "Jacobsen" is added to "Turf King", and the nature of the respective goods are considered, confusion would be unlikely.

In disposing of those arguments the Trademark Trial and Appeal Board [3] stated:

> The third-party registrations referred to do not purport to show that the combination of the words "TURF" and "KING" is for any reason lacking in trademark significance. But however, that may be, the term "TURF-KING" is a prominent feature of applicant's mark and in our opinion, it creates a commercial impression separate and apart from the name "JACOBSEN". In view thereof, the relative strength or weakness of opposer's mark is considered to be of no particular consequence here.

Insofar as the goods are concerned, fertilizers, grass seed and lawn mowers, whether for industrial or general use, are products which normally move through the same trade channels to the same average purchasers for closely related uses. Under these circumstances, we are clearly of the opinion that the sale of such goods under the

---

1. Application serial No. 220,378, filed June 4, 1965.

2. Registration Nos. 545,617 and 551,619, issued July 24, 1951 and December 4, 1951, respectively.

3. Opinion abstracted at 156 USPQ 713.

identical term "TURF KING" would be likely to cause confusion or mistake or deceive, notwithstanding applicant's use thereof in association with the name "JACOBSEN".

Applicant repeats substantially the same arguments here and relies on certain decisions of this court, none of which we find sufficiently in point to be controlling. Nor are we persuaded that the board committed reversible error in its holding. The decision is affirmed.

Affirmed.